David W. Newman, ISBN 8251
Assistant United States Trustee
Brett R. Cahoon, ISBN 8607
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>CALLIE MAE CAMPBELL-RAMIREZ,<br><br>                  Debtor. | Case No. 20-00248-TLM<br>Chapter 7 |

## MOTION FOR ENTRY OF AN ORDER REQUIRING DEBTOR'S COUNSEL TO DISGORGE/REDUCE FEES

Gregory M. Garvin, the Acting United States Trustee ("United States Trustee") for

Region 18, moves the Court to enter an order requiring Mr. Youngblood to return fees pursuant

to 11 U.S.C. § 329(b), or to reduce the fees he can collect from the Debtor. Pursuant to Local

Bankruptcy Rule 2002.2(c), any objection to this motion shall state with specificity the legal

and/or factual basis for the objection. In support of this motion, the United States Trustee alleges

the following facts and law.

1.      This Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b) and

28 U.S.C. § 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(1) and (2).

2.      Noah G. Hillen is the chapter 7 trustee in this case.

1

3.    Mr. Youngblood charged Debtor $2,400 for his services (Doc. 4).

4.    Mr. Youngblood ("Counsel") is a member of the Idaho State Bar and was admitted to that bar in or around April 2005.

5.    The Court may order Debtors' attorney, Mr. Youngblood, to return payments that exceed the reasonable value of his services or cancel any agreement for those fees or services. 11 U.S.C. § 329(b). Mr. Youngblood bears the burden of justifying his fees. *See In re Castorena*, 270 B.R. 504, 515 (Bankr. D. Idaho 2001).

6.    "Payments to a debtor's attorney provide serious potential for evasion of creditor protection provisions of the bankruptcy laws, and serious potential for overreaching by the debtor's attorney, and [therefore] should be subject to careful scrutiny." *Land v. First National Bank of Alamosa (In re Land)*, 116 B.R. 798, 804 (D.Colo.1990), *aff'd* 943 F.2d 1265 (10th Cir.1991) (*quoting* H.R. Rep. No. 595, 95th Cong., 1st Sess. 329 (1977), S. Rep. No. 989, 95th Cong., 2nd Sess. 39–40 (1978)).

7.    Section 329 is also designed to protect debtors from misconduct by their attorneys. *See Law Offices of Nicholas A. Franke v. United States Trustee (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997). "One of the important purposes of § 329 is to ensure that attorneys provide competent representation to debtors." *In re Dean*, 401 B.R. 917, 923 (Bankr. D. Idaho 2008). Where representation is deficient, the attorney's fees may be ordered refunded in whole or in part. *See id*. at 923.

8.    On March 13, 2020, Callie Mae Campbell-Ramirez (aka Callie Ramirez) filed a voluntary chapter 7 petition in the United States Bankruptcy Court, District of Idaho, initiating this case, which was assigned case number 20-00248-TLM. (Doc. 1).

2

9.      On March 17, 2020, the United States Trustee filed a motion objecting to the

Debtor's discharge pursuant to 11 U.S.C. 727(a)(8) on the basis that the Debtor had received a

chapter 7 discharge in a prior case that was filed within 8 years of the petition date in the current

case (Doc. 12). The current case was filed approximately 6 months too early for the Debtor to

receive a discharge. The Debtor's petition did not properly disclose the Debtor's prior

bankruptcy case.

10.      On April 14, 2020, the Court entered an Order granting the United States

Trustee's motion and denying the Debtor's discharge (Doc. 21).

11.      The United States Trustee believes that the Debtor has not received the value she

paid or agreed to pay to Counsel. This is largely due to Counsel's failure to properly check for

prior bankruptcies filed by the Debtor.

## COUNSEL SHOULD BE PUT TO THE BURDEN TO ESTABLISH HE IS ENTITLED TO COMPENSATION

12.      Attorneys for debtors bear the burden of justifying their compensation under 11

U.S.C. § 329(b). *See In re Castorena*, 270 B.R. 504, 515 (Bankr. D. Idaho 2001). It is the same

burden as demonstrating entitlement to fees under section 330 of the Bankruptcy Code. *See*

*American Law Center PC v. Stanley (In re Jastrem)*, 253 F.3d 438, 443 (9th Cir.2001); *In re*

*Castorena*, 270 B.R. at 515. "Failure to meet this burden supports reduction or denial of the

compensation sought." *In re Castorena*, 270 B.R. at 515.

13.      In light of Counsel's failure to properly identify the Debtor's prior filing, or the

date of that filing, which resulted in the denial of her discharge, the Debtor has not received the

value that she bargained for and Counsel's fees should be reduced and/or denied.

3

14.     The Disclosure of Compensation indicates that Debtor signed a post-petition fee agreement for $2,400 and that she must pay such amount within 12 months. The Disclosure of Compensation also indicates that the right to collect such amounts may be assigned to an undisclosed "third-party lender."[1]   The United States Trustee is unaware of the amount that the Debtor has paid to Counsel or to the third-party lender, but believes the Debtor should not be obligated to pay Counsel or the third-party lender anything.

WHEREFORE, the United States Trustee moves that the Court enter an order:

1.   Reducing Mr. Youngblood's fees by $2,400, or such other amount as the Court deems appropriate, and ordering Mr. Youngblood to disgorge any fees he or the lender has received;

2.   Ordering Mr. Youngblood to file proof of compliance with the Court no later than 30 days after entry of such an order; and

3.   Providing such other relief as the Court deems proper.


Date:   May 26, 2020                          GREGORY M. GARVIN
                                             Acting United States Trustee Region 18


                                             /s/ Brett R. Cahoon
                                             BRETT R. CAHOON
                                             Attorney for the Acting United States Trustee


---

1 The United States Trustee believes this third party lender is Fresh Start Bankruptcy, or an entity with a name similar to this.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2020, I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Kameron Youngblood, Debtors' counsel

Noah G. Hillen, Chapter 7 Trustee

AND I FURTHER CERTIFY that on such date I caused to be served the foregoing document on the following non-CM/ECF Registered Participants via first class mail, postage paid, on the following:

Callie Mae Campbell-Ramirez
303 W. Pendwood St. Apt. E108
Meridian, ID 83642

Kameron M. Youngblood
PO Box 50495
Idaho Falls, ID 83405

Date: May 26, 2020                    /s/ Brett R. Cahoon
                                      BRETT R. CAHOON

5